IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| IGNITE RESTAURANT GROUP, INC., *et al.*, | ) |
| | ) Case No. 17-33550 (DRJ) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| DRIVETRAIN, LLC, as Trustee of the Ignite Restaurant Group GUC Trust, | ) |
| | ) |
| Plaintiff, | ) Adversary Proceeding No. 19-03478 (DRJ) |
| | ) |
| v. | ) |
| | ) |
| QUICK SERVANT COMPANY, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

**DEFENDANT'S ANSWER TO COMPLAINT FOR AVOIDANCE
AND RECOVERY OF PREFERENTIAL TRANSFERS**

Quick Servant Company, Inc. (the "Defendant"), through its undersigned counsel, files the following Answer to Complaint for Avoidance and Recovery of Preferential Transfers (the "Complaint"), averring as follows:

**NATURE OF THIS ACTION**

1. The averments in paragraph 1 are admitted.

2. The averments in paragraph 2 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 2 are denied.

**THE PARTIES**

3. The averments in paragraph 3 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 3 are denied.

4. The averments in paragraph 4 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 4 are denied.

5. The averments in paragraph 5 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 5 are denied.

## JURISDICTION AND VENUE

6. The averments in paragraph 6 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 6 are denied.

7. The averments in paragraph 7 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 7 are denied.

8. The averments in paragraph 8 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 8 are denied.

9. Defendant submits that no response is required to the averments in paragraph 9. To the extent a response is required, the averments in paragraph 9 are denied. By way of further response, the Defendant does not consent to the entry of final orders or judgment by this Court if it is determined that consent of the parties is required by this Court to enter final orders or judgment consistent with Article III of the United States Constitution.

## BACKGROUND FACTS

10. The Defendant is without sufficient information to admit or deny the averments in paragraph 10. To the extent a response is required, the averments in paragraph 10 are denied.

11. The averments in paragraph 11 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 11 are denied.

12. The averments in paragraph 12 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 12 are denied.

## FIRST CLAIM FOR RELIEF
(Avoidance of Transfers – 11 U.S.C. § 547)

13. Paragraphs 1 through 12 are incorporated herein by reference.

14. The averments in paragraph 14 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 14 are denied.

15. The averments in paragraph 15 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 15 are denied.

16. The averments in paragraph 16 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 16 are denied.

17. The averments in paragraph 17 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 17 are denied.

18. The averments in paragraph 18 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 18 are denied.

19. The averments in paragraph 19 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 19 are denied.

## SECOND C LAIM FOR RELIEF
### (Recovery of Property – 11 U.S.C. § 550)

20. Paragraphs 1 through 19 are incorporated herein by reference.

21. The averments in paragraph 21 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 21 are denied.

22. The averments in paragraph 22 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 22 are denied.

23. The averments in paragraph 23 constitute a conclusion of law to which no response is required. To the extent a response is required, the averments in paragraph 23 are denied.

## DEMAND FOR JURY TRIAL

The Defendant hereby demands trial by jury in this action of all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, the Defendant requests that this case be dismissed.

## AFFIRMATIVE DEFENSES

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. Plaintiff fails to state a claim upon which relief can be granted.

26. All elements of a *prima facie* case under §§ 547 and 550 are not met.

27. At all relevant times, the Debtors were solvent.

28. Assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) can be met, any and all transfers that the Defendant received are immune from avoidance by virtue of 11 U.S.C. § 547(c).

29. To the extent established in discovery, and assuming, without conceding, that all of the elements of a *prima facie* case under 11 U.S.C. § 547(b) are present, the Defendant has a right of setoff under 11 U.S.C. § 553.

30. To the extent established in discovery, the Plaintiff's claims are subject to recoupment.

31. The Debtors received reasonably equivalent value for any payments made to the Defendant.

**[This space intentionally left blank]**

-5-

                                      Respectfully submitted,

                                      LEECH TISHMAN FUSCALDO &
                                      LAMPL, LLC

Dated: June 28, 2019                    By: */s/ Patrick W. Carothers*
                                      Patrick W. Carothers (PA I.D. No. 85721)
                                      Gregory W. Hauswirth (PA I.D. No. 307482)
                                      525 William Penn Place, 28th Floor
                                      Pittsburgh, PA  15219
                                      Telephone:  412.304.0153
                                      Facsimile:  412.227.5551
                                      pcarothers@leechtishman.com
                                      ghauswirth@leechtishman.com

                                      *Attorneys for Defendant,*
                                      *Quick Servant Company, Inc.*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re: | ) |
| | ) Chapter 11 |
| IGNITE RESTAURANT GROUP, INC., *et al.*, | ) |
| | ) Case No. 17-33550 (DRJ) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| DRIVETRAIN, LLC, as Trustee of the Ignite Restaurant Group GUC Trust, | ) |
| | ) |
| Plaintiff, | ) Adversary Proceeding No. 19-03478 (DRJ) |
| | ) |
| v. | ) |
| | ) |
| QUICK SERVANT COMPANY, INC., | ) JURY TRIAL DEMANDED |
| | ) |
| Defendant. | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing has been served upon counsel of record this 28th day of June 2019, by the Court's electronic mail system and U.S. Mail, first class, postage prepaid, as follows:

Jason S. Pomerantz, Esq.
Jeffrey P. Nolan, Esq.
PACHULSKI STANG ZIEHL & JONES LLP
10100 Santa Monica Boulevard, 13th Floor
Los Angeles, CA  90067

Michael D. Warner, Esq.
Benjamin L. Wallen, Esq.
COLE SCHOTZ PC
301 Commerce Street, Suite 1700
Fort Worth, TX  76102
(*Counsel to Plaintiff, DRIVETRAIN, LLC, as Trustee of the Ignite Restaurant Group GUC Trust*)

/s/ *Patrick W. Carothers*